1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES MICHAEL MUNRO,

11            Petitioner,                    No. CIV S-11-2602 LKK DAD P

12        vs.

13   M. MARTEL,

14            Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16            Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2255.  Petitioner has paid the filing fee.

18            In his petition, petitioner contends that in 1984 while he was in the custody of the

19   Federal Bureau of Prisons, he had his name changed from James Michael Munro to Michael

20   Bandit.  (Doc. No. 1 at 7.)  Petitioner alleges that he has notified the California Department of

21   Corrections and Rehabilitation (CDCR) of his name change and complied with the applicable

22   regulations, yet since 1992 when petitioner was returned to the custody of the CDCR, the

23   respondent has "ordered" petitioner to use his "committed name[.]"  (Id. at 9.)  In terms of relief,

24   petitioner seeks a court order requiring the CDCR:  (1) to enter his name, Michael Bandit, into

25   the "OBIS system[,]" (2) to issue him a new identification card in the name of Michael Bandit,

26   /////

1 | and (3) to ensure that he obtains his mail and visitation under his legal name of Michael Bandit

2 | and be allowed to use that name.  (Id. at 16.)

3 |      The court is required to examine a petition for federal habeas corpus relief before

4 | requiring a response to it.  See Rules 3 & 4, Rules Governing § 2254 Cases.  "If it plainly appears

5 | from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the

6 | judge shall make an order for its summary dismissal . . . ."  Rule 4, Rules Governing § 2254

7 | Cases.  Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits

8 | when no claim for relief is stated.'"  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)

9 | (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

10 |      In the court's November 3, 2011 order, petitioner was advised that if he continued

11 | to pursue this action by filing an application to proceed in forma pauperis or by paying the filing

12 | fee, the court would likely recommend that it be summarily dismissed.  In that prior order, the

13 | court explained to petitioner that a habeas action is the appropriate vehicle by which to challenge

14 | the fact or duration of a prisoner's custody and that the relief petitioner seeks here is not available

15 | through a federal habeas action.  (Doc. No. 6 at 1 n.1.)  For these previously explained reasons,

16 | the court will now recommend that this action be summarily dismissed.

17 |      Accordingly, IT IS HEREBY RECOMMENDED that the pending petition for a

18 | writ of habeas corpus be summarily dismissed because it plainly appears from the face of the

19 | petition that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2254.

20 |      These findings and recommendations are submitted to the United States District

21 | Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

22 | days after being served with these findings and recommendations, petitioner may file written

23 | objections with the court.  Such a document should be captioned "Objections to Magistrate

24 | Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections

25 | /////

26 | /////

1  within the specified time may waive the right to appeal the District Court's order.  Martinez v.

2  Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: March 30, 2012.

4

5  _____

                   DALE A. DROZD

6  DAD:4              UNITED STATES MAGISTRATE JUDGE
   munro2602.156

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26